**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SUNDERLAND ASSOCIATION FOOTBALL CLUB LIMITED, <br><br>     PLAINTIFF, <br><br> V. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br>     DEFENDANTS. | CASE NO.: 1:20-CV-06880 <br><br> JUDGE RONALD A. GUZMAN <br><br> MAGISTRATE JUDGE YOUNG B. KIM |

## **FINAL JUDGMENT ORDER**

This action, having been commenced by Sunderland Association Football Club Limited ("Sunderland" or "Plaintiff") against the Defendants identified in the attached Schedule A to the Complaint, and using the online marketplace accounts (also referred to as the "Defendant Internet Stores" or "Seller Aliases"), and Sunderland, having moved for entry of Default and Default Judgment against the Defendants identified in Schedule A to the Complaint, attached hereto (collectively, the "Defaulting Defendants");

This Court, having entered upon a showing by Sunderland, a Temporary Restraining Order and Preliminary Injunction against Defaulting Defendants, which included an asset restraining order;

Sunderland, having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and,

1

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defaulting Defendants, since the Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. In the context of similar cases, ". . . a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In the present case, Plaintiff has presented screenshot evidence that each Defaulting Defendant Internet Store is reaching out to do business with Illinois residents, by operating one or more commercial, interactive Internet Stores, through which Illinois residents can and do purchase products using counterfeit versions of Plaintiff's Trademarks (the "Counterfeit/Infringing Products"). See Docket No. 8, which includes screenshot evidence, confirming that each Defaulting Defendant Internet Store does stand ready, willing, and able to ship the counterfeit goods to customers in Illinois, and the goods of which bear infringing and/or counterfeit versions of the Sunderland AFC Trademarks, U.S. Trademark Registration Nos. 5,922,669; 5,970,790; and 5,993,940.

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq.*).

IT IS HEREBY ORDERED that Sunderland Association Football Club Limited's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default, and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Sunderland AFC Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Sunderland Product or not authorized by Sunderland to be sold in connection with the Sunderland AFC Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Sunderland Product or any other product produced by Sunderland, that is not Sunderland's or not produced under the authorization, control or supervision of Sunderland and approved by Sunderland, for sale under the SAFC Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Sunderland, or are sponsored by, approved by, or otherwise connected with Sunderland;

    d. further infringing the Sunderland AFC Trademarks and damaging Sunderland's goodwill;

    e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory

3

    not manufactured by or for Sunderland, nor authorized by Sunderland to be sold or offered for sale, and which bear any of the Sunderland AFC Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof, and;

  f. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Sunderland AFC Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof, that is not a genuine Sunderland Product, or not authorized by Sunderland to be sold in connection with the Sunderland AFC Trademarks.

2. Those in privity with Defaulting Defendants, and with actual notice of this Order, including any online marketplaces such as ContextLogic, Inc. ("Wish"), eBay, Inc. ("eBay"), Amazon Payments, Inc. ("Amazon"), Etsy Inc. ("Etsy"), Alipay US, Inc. ("Alipay"), iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within three (3) business days of receipt of this Order:

  a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the Sunderland AFC Trademarks, including any accounts associated with the Defaulting Defendants listed on Schedule A, attached hereto;

  b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Sunderland AFC Trademarks; and

4

    c. take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Sunderland is awarded statutory damages from each of the Defaulting Defendants in the amount of five hundred thousand dollars ($500,000) for willful use of counterfeit Sunderland AFC Trademarks on products sold through at least the Defendant Internet Stores.

4. PayPal, Wish, eBay, Amazon, Etsy, Alipay, and any other online marketplace or payment processor in privity with Defendants, shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts, or Defaulting Defendants' websites, identified on Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

5. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by eBay, PayPal, Wish, Amazon, Etsy, Alipay, and any other payment processor, are hereby released to Sunderland as partial payment of the above-identified damages, and eBay, PayPal, Wish, Amazon, Etsy, and Alipay are ordered to release to Sunderland the amounts from Defaulting Defendants' eBay, PayPal, Wish, Amazon, Etsy, and Alipay accounts within ten (10) business days of receipt of this Order.

6. Until Sunderland has recovered full payment of monies owed to it by any Defaulting Defendant, Sunderland shall have the ongoing authority to serve this Order on eBay, PayPal, Wish, Amazon, Etsy, Alipay, and any other payment processor, in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon

receipt of this Order, eBay, PayPal, Wish, Amazon, Etsy, and Alipay shall within ten (10) business days:

a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts or Defaulting Defendants' websites;

b. Restrain and enjoin such accounts or funds that are based internationally, from transferring or disposing of any money or other assets of Defaulting Defendants; and,

c. Release all monies restrained in Defaulting Defendants' accounts to Sunderland, as partial payment of the above-identified damages; and,

d. Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the Seller Aliases shall disable and/or cease facilitating access to the Seller Aliases, including any other online marketplace accounts or seller alias names identified and/or being used and/or controlled by Defaulting Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of Plaintiff's Sunderland AFC Trademarks.

7. Until Sunderland has recovered full payment of monies owed to it by any Defaulting Defendant, Sunderland shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within ten (10) business days:

a. Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts, or Defaulting Defendants' websites;

b. Restrain and enjoin such accounts from receiving, transferring, or disposing of any money or other assets of Defaulting Defendants;

    c. Release all monies restrained in Defaulting Defendants' financial accounts to Sunderland, as partial payment of the above-identified damages; and,

    d. Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the Seller Aliases shall disable and/or cease facilitating access to the Seller Aliases, including any other online marketplace accounts or seller aliases identified and/or being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of Plaintiff's Sunderland AFC Trademarks.

8. In the event that Sunderland identifies any additional online marketplace accounts, domain names, third-party payment processors, and/or financial accounts owned by Defaulting Defendants, Sunderland may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses originally identified and served, and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The bond posted by Plaintiff in the amount of $10,000.00 is hereby ordered released by the Clerk to Plaintiff or Plaintiff's counsel.

This is a Final Judgment.

Dated: January 28, 2021

                                                    _____
                                            United States District Court Judge Ronald A. Guzman

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNDERLAND ASSOCIATION FOOTBALL CLUB LIMITED,<br><br>PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFED ON SCHEDULE A,<br><br>DEFENDANTS. | CASE NO.: 1:20-CV-06880<br><br>JUDGE RONALD A. GUZMAN<br><br>MAGISTRATE JUDGE YOUNG B. KIM |

## AMENDED SCHEDULE A

| NO. | DEFENDANT / SELLER ALIAS | MARKETPLACE URL |
|---|---|---|
| 1 | huangjin fashion | https://www.wish.com/merchant/540fd5a97a9eb4242529e94a |
| 2 | 1155 HAT Store | https://www.aliexpress.com/store/4566049 |
| 3 | AB01 Store | https://www.aliexpress.com/store/5600151 |
| 4 | xiao guo Store | https://www.aliexpress.com/store/5249306.html |
| 5 | xiao hai Store | https://www.aliexpress.com/store/5069363 |
| 6 | dazha yoo Store | https://www.aliexpress.com/store/4410007 |
| 7 | gao shang store | https://www.aliexpress.com/af/sunderland.html |
| 8 | Shop5870764 Store | https://www.aliexpress.com/store/5870764 |
| 9 | GTT13 Store | https://www.aliexpress.com/store/5870327 |
| 10 | CAIJIAN Store | https://www.aliexpress.com/store/5781449 |
| 11 | SDD03 Store | https://www.aliexpress.com/store/5587184 |
| 12 | GGM04 Store | https://www.aliexpress.com/store/5592240.html |
| 13 | Shop3902018 Store | https://www.aliexpress.com/store/3902018 |
| 14 | Shop5476059 Store | https://www.aliexpress.com/store/5476059 |
| 15 | Shop5631267 Store | https://www.aliexpress.com/store/5631267 |
| 16 | Shop5635103 Store | https://www.aliexpress.com/store/5635103 |
| 17 | Shop5704029 Store | https://www.aliexpress.com/store/5704029 |
| 18 | TERRACEGEAR | https://www.terracegear.com/ |